UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**KIFAH WAEL JAYYOUSI,**<br><br>Defendant. | **2:17-CR-20715-TGB**<br><br>**ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE** |

## I. INTRODUCTION

On January 22, 2008, Defendant Kifah Wael Jayyousi ("Jayyousi"), was sentenced by the United States District Court for the Southern Division of Florida, Honorable Marcia Cooke, presiding, to a period of 152 months imprisonment, followed by twenty (20) years supervised release, following his conviction for violations of 18 U.S.C. § 956(a)(1), 18 U.S.C. § 371, & 18 U.S.C. § 2339A(a). Dr. Jayyousi was released from the Bureau of Prisons and placed on supervised release on September 15, 2017. As of the date of this Order, Jayyousi has served almost 5 years of his 20-year term of supervised release. Jayyousi has resided in the Eastern District of Michigan and is under the supervision of this Court's Probation Department. During this period he has had no violations of the terms of his supervised release. Probation allows him to report quarterly, by email

and text message. On January 5, 2021, Jayyousi moved to request the early termination of his supervised released under Title 18 U.S.C. § 3583(e). ECF No. 3. The Government filed a brief in opposition. For the reasons explained herein, the motion for termination of supervised release is denied.

## II. LEGAL STANDARD

Pursuant to 18 U.S.C. § 3583, the Court may, after considering the factors set forth in § 3553(a) *et. seq.* terminate a term of supervised release and discharge the defendant at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. 18 U.S.C.A. § 3583(e)(1).

## III. DISCUSSION

Due consideration of the factors in § 3553(a) counsels against granting this motion. In *United States v. Jayyousi,* the Eleventh Circuit affirmed the district court's application of the "terrorism" enhancement, Jayyousi's 152-month sentence in prison, and 20-year supervised release. 657 F.3d 1085 (11th Cir. 2011). The Government notes that Jayyousi's 152-month sentence represented a significant downward variance from the applicable sentencing guidelines range of 360 months to life. Because of the serious nature of Jayyousi's terrorism-related convictions and the minimal requirements of his supervision, the Government argues that

the Court should deny Jayyousi's request to terminate the remainder of his term. This Court agrees.

In 2005, Dr. Jayyousi was charged with conspiracy to provide material support in aid of a foreign terrorist organization based upon his conduct and affiliation with organizations linked to radical Islamists worldwide, including some of the most violent and notorious terrorists and organizations— al–Qaeda, Osama bin Laden, and the Blind Sheikh. He also was found guilty of conspiring to send money, recruits, and equipment overseas to groups that used violence in their efforts to establish Islamic states. It is true that this conduct occurred in the 1980s and early 1990s—over a decade before the indictment brough in 2005. Jayyousi also cites mitigating circumstances surrounding his conduct such as compliance with supervision guidelines, his low security risk, and gainful employment as a professional engineer, (which the Government also points out), but the district court considered these facts when giving him a below-guidelines sentence. Although Jayyousi argues that the district court's sentence was based on the court's belief it was required to impose a 20-year sentence, Jayyousi fails to cite to any language that indicates this.  Moreover, the Court is concerned that Jayyousi has only served almost five years of his twenty-year supervised release term. Notably, despite Jayyousi's contention that his probation terms restrict his ability to obtain better financial security, the constraints of his supervision are the least restrictive and the Court finds these restraints

appropriate in light of the crime. To reduce his supervised release so significantly would not be consistent with the seriousness of the offense and would also undermine the goals of deterrence and imposing a just sentence which are key considerations under § 3553(a).

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for termination of supervised release is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 8, 2022    s/Terrence G. Berg
                      TERRENCE G. BERG
                      UNITED STATES DISTRICT JUDGE